Mr. Justice Clayton
delivered the opinion of the court.
This was an indictment in the circuit court of Panola, for negro stealing. Upon the trial, the defendant was found guilty, and sentenced to confinement in the Penitentiary for ten years. A motion was made for a new trial, which was overruled, and the case thence comes to this court.
One only of the errors assigned, is sufficient to reverse the judgment. There is no prosecutor marked upon the indictment. According to several decisions of this court, that is a fatal objection. Moore v. The State, ante, 259.
The only question as to this was, whether, in a case in which the writ of error was sued out to the refusal to grant a new trial, the objection could be taken, in that stage of the proceedings. It would appear to have been thus taken in the case of Cody v. The State, 3 How. 27. And as the statutes of jeofails and amendments do not extend to criminal proceedings, it follows that every error which would have been fatal on demurrer, or in arrest of the judgment, will be sufficient to procure its reversal. 1 Ch. Crim. Law, 751.
*408 The judgment must be reversed, and the indictment quashed, and the prisoner remanded to the county of Panola for a new indictment.
An objection was taken to the admission of a certain will in testimony upon the trial, which it may be important now to determine, as the point will probably arise on the next trial again. The objection is, that the will was admitted to probate upon insufficient testimony, and that the original should have been produced, or its absence accounted for, before the copy could be read.
Both these objections are conclusively disposed of by the statute. One witness is sufficient to a will of personalty. Hutch. Code, 649. Wills after probate are required to remain in the court of probates, and an authenticated copy is made evidence in all the'Courts of the state. Ib. 650.
Judgment reversed.